UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

---

JOHNNY D. ORUM #417988,

        Plaintiff,                      Case No. 2:10-cv-162

v.                                             Honorable R. Allan Edgar

JULIE GREEN, et al.,

        Defendants.
_____/

## **OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendants Jondreau, Ville-Mogush, and Capello. The Court will serve the complaint against Defendant Green.

**Discussion**

I. <u>Factual allegations</u>

Plaintiff Johnny D. Orum #417988, an inmate at the Oaks Correctional Facility, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Defendants Hearing Investigator Julie Green, Assistant Deputy Warden William Jondreau, Business Manager S. Ville-Mogush, and Warden Gary Capello, all of whom were employed at the Baraga Maximum Correctional Facility (AMF) during the pertinent time period. In his complaint, Plaintiff alleges that on February 12, 2009, he was found guilty of a major misconduct ticket. Plaintiff alleges that he was given an order to clean up a mess, but he could not comply with the order because the mess had already been cleaned up by another prisoner. Plaintiff states that Defendant Green did not thoroughly investigate the charge. Plaintiff requested video of the incident, which he claims would have shown that Prisoner Miller had already cleaned up the mess before Defendant Green approached Plaintiff and ordered him to clean up. Plaintiff's request for video was denied. In addition, in the hearing report, Hearing Officer Burke noted that Prisoner Miller's statement was as follows: "He's playing with me; just horse playing; I had got it up . . . when officer told him to pick it up. I had already cleaned it up." (Plaintiff's complaint, p. 3e, ¶ C.) In addition, Hearing Officer Burke noted that Defendant Green stated that he had instructed Plaintiff to clean the food up, and that Plaintiff looked directly at him and refused, telling Defendant Green to write him up. (Plaintiff's complaint, p. 3e, ¶ D.) In the Reason for Findings section, the Hearing Officer stated that it was logical to conclude that Plaintiff had not taken the order seriously, and that he had voluntarily failed to comply with the order in a timely manner. (Plaintiff's complaint, p. 3e, ¶ C.)

After the guilty finding, Plaintiff sent a kite to Defendant Green, requesting an appeal packet. On February 18, 2009, Corrections Officer Veins gave Plaintiff the unopened kite that he had sent to Defendant Green requesting an appeal packet. Plaintiff then sent a second kite to Defendant Green, along with the original kite. Plaintiff also filed a grievance on Defendant Green's failure to provide him with an appeal packet. On March 4, 2009, Defendant Jondreau interviewed Plaintiff on the grievance. Plaintiff told Defendant Jondreau that he had still not received the appeal packet and that he only had eight (8) days left to file a request for rehearing. On March 5, 2009, Plaintiff received a step I response, stating that Plaintiff would be provided with the requested paperwork as soon as it was "administratively feasible."

Plaintiff wrote Defendant Capello a letter, requesting that he be provided with a copy of the hearing file. Plaintiff also filed a step II appeal. Defendant Capello responded to Plaintiff's step II appeal on March 24, 2009, after the time for requesting a rehearing had already expired. In the step II response, Defendant Capello noted that a hearing packet had been forwarded to Plaintiff. Plaintiff filed a step III. Plaintiff claims that the refusal to provide him with an appeal packet was motivated by a desire to retaliate against him for his use of the grievance system. Plaintiff alleges that he received a step III response on June 12, 2009, which found that Plaintiff's grievance had been properly handled at the previous levels.

Plaintiff claims that Defendants' conduct violated his rights under the First and Fourteenth Amendment. Plaintiff seeks compensatory and punitive damages.

II.     Failure to state a claim

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic*

*Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 129 S. Ct. at 1949. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Ashcroft*, 129 S. Ct. at 1950 (quoting FED. R. CIV. P. 8(a)(2)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

The Court notes that Defendants Jondreau, Ville-Mogush, and Capello were not involved in Plaintiff's misconduct hearing or denial of appeal packet, and that their only roles in this

action involve the denial of administrative grievances or the failure to act. Liability under Section 1983 must be based on more than merely the right to control employees. *Polk Co. v. Dodson*, 454 U.S. 312, 325-26 (1981); *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978). Thus, Section 1983 liability cannot be premised upon mere allegations of *respondeat superior*. *Monell*, 436 U.S. at 691; *Polk*, 454 U.S. at 325. A party cannot be held liable under Section 1983 absent a showing that the party personally participated in, or otherwise authorized, approved or knowingly acquiesced in, the allegedly unconstitutional conduct. *See e.g. Leach v. Shelby Co. Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989), *cert. denied*, 495 U.S. 932 (1990); *Hays v. Jefferson*, 668 F.2d 869, 874 (6th Cir.), *cert. denied*, 459 U.S. 833 (1982). *See also Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir.), *cert. denied* 469 U.S. 845 (1984).

Supervisory officials can be held liable for the acts of their subordinates only if plaintiff establishes that the supervisor failed to appropriately discharge his supervisory duties, and that this failure resulted in a denial or deprivation of plaintiff's federal rights. *See e.g. Leach*, 891 F.2d at 1246; *Hayes v. Vessey*, 777 F.2d 1149, 1154 (6th Cir. 1985). However, the failure of a supervisor to supervise, control or train the offending employee is not actionable absent a showing that the official implicitly encouraged, authorized, approved or knowingly acquiesced in, or in some other way directly participated in, the offensive conduct. *Leach*, 891 F.2d at 1246. Such a claim requires, at a minimum, that the official had knowledge of the offending employee's conduct at a time when the conduct could be prevented, or that such conduct was otherwise foreseeable or predictable. *See e.g. Gibson v. Foltz*, 963 F.2d 851, 854 (6th Cir. 1992). In addition, plaintiff must show that defendant had some duty or authority to act. *See e.g. Birrell v. Brown*, 867 F.2d 956, 959 (6th Cir. 1989) (lower level official not liable for shortcomings of building); *Ghandi v. Police Dept.*

*of City of Detroit*, 747 F.2d 338, 351 (6th Cir. 1984) (mere presence at the scene is insufficient grounds to impose Section 1983 liability in the absence of a duty to act); *accord Hall v. Shipley*, 932 F.2d 1147 (6th Cir. 1991). In addition, merely bringing a problem to the attention of a supervisory official is not sufficient to impose such liability. *See Shelly v. Johnson*, 684 F. Supp. 941, 946 (W.D. Mich. 1987) (Hillman, C.J.), *aff'd* 849 F.2d 228 (6th Cir. 1988). Finally, supervisory liability claims cannot be based on simple negligence. *Leach*, 891 F.2d at 1246; *Weaver v. Toombs*, 756 F. Supp. 335, 337 (W.D. Mich. 1989), *aff'd* 915 F.2d 1574 (6th Cir. 1990).

Plaintiff has not alleged facts establishing that Defendants Jondreau, Ville-Mogush, and Capello were personally involved in the activity which forms the basis of his claim. Defendants Jondreau, Ville-Mogush, and Capello only roles in this action involve the denial of administrative grievances or the failure to act. Defendants Jondreau, Ville-Mogush, and Capello cannot be liable for such conduct under § 1983. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999), *cert. denied*, 530 U.S. 1264 (2000). Accordingly, the Court concludes that Plaintiff's claims against Defendants Jondreau, Ville-Mogush, and Capello are properly dismissed for lack of personal involvement.

## Conclusion

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Defendants Jondreau, Ville-Mogush, and Capello will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court will serve the complaint against Defendant Green.

An Order consistent with this Opinion will be entered.

Dated:      November 5, 2010           */s/ R. Allan Edgar*
                                      R. Allan Edgar
                                      United States District Judge